IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

|  |  |  |
|---|---|---|
| SCP DISTRIBUTORS, LLC, | ) | Case No. _____ |
| Plaintiff, | ) | |
| vs. | ) | |
| FLIPPER POOLS & MORE, LLC, and SCOTT HOOD | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, SCP Distributors, LLC ("Plaintiff"), by and through its undersigned counsel, and for its Complaint against Defendants Flipper Pools & More, LLC, ("Flipper Pools"), and Scott Hood ("Guarantor" or "Defendant") (together "Defendants") states as follows:

## PARTIES

1.      Plaintiff SCP Distributors, LLC is a limited liability company existing under the laws of the state of Delaware.

2.      Pool Corporation ("Pool Corp.") is the sole member of SCP Distributors, LLC. Pool Corporation is a corporation organized under the laws of the state Delaware with a principal place of business located at 109 Northpark Blvd., Covington, Louisiana 70433.

3.      Upon information and belief, Flipper Pools is a Georgia limited liability company with a principal place of business located at 1318 Curtis Parkway, Calhoun, Georgia 30701.

4.      Upon information and belief, Scott Hood is a resident and citizen of Georgia, with a residence of 587 Hammond Road, SE, Calhoun, Georgia 30701.

5.      Upon information and belief, Scott Hood is the only member of Flipper Pools.

1

**JURISDICTION AND VENUE**

6.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 in that there is diversity of citizenship between Plaintiff and the Defendants, and the amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs.

7.      Venue is appropriate in the Northern District of Georgia pursuant to 28 U.S.C. §1391(b)(2) because a substantial portion of the facts giving rise to the causes of action set forth in this Complaint occurred in this District.  More specifically, Defendants maintain their business in and around Calhoun, Georgia.

**FACTS**

8.      Plaintiff is a wholesale distributor of swimming pool supplies, equipment, and related leisure products.

9.      On or about November 4, 2015, Flipper Pools entered into a Business Application and Agreement (the "Agreement") with Plaintiff for the purchase of certain pool supplies and equipment, a true and correct copy of which is attached hereto as Exhibit A.

10.     In connection with the Agreement, Defendant Scott Hood executed and delivered a Personal Guarantee Agreement to Plaintiff, in which he unconditionally guaranteed to Plaintiff payment of Defendants' obligations as defined therein.  See Exhibit A.

11.     The Personal Guarantee Agreement provides:

> In consideration of Pool (or any of its subsidiary entities, as may exist from time to time) (hereinafter collectively "Pool") agreeing to sell goods to customer, I/we, the undersigned (hereinafter "Guarantors"), jointly and severally hereby personally guarantee payment of any and all amounts as may be owed to Pool by Customer whether or not such amounts exceed stated credit limits, as well as all legal fees and expenses incurred in connection therewith.

See Exhibit A.

2

12.     In support of Plaintiff's claims against Defendants, the Terms and Conditions of Sale of the Agreement state that upon default:

> Buyer agrees to pay Seller all costs and expenses of collections, including actual costs of a third party collector/collection agency, and suit or other legal action, including actual attorney's fees, whether incurred pre-suit, through trial, on appeal, and all costs of execution of any judgment rendered against Buyer [Defendants] or in any administrative proceedings brought by Buyer or on its behalf.

See Exhibit A at Terms & Conditions of Sale, ¶ 6.

13.     By letter dated June 13, 2025, Plaintiff, through counsel, advised Defendants that they were required to pay to Plaintiff an outstanding balance of $222,052.57 as required under the Agreement and the Personal Guarantee Agreement.

14.     Plaintiff provided certain products to Defendants as required under the Agreement and Defendants have failed to provide full payment to Plaintiff as required by the Agreement and the Personal Guarantee Agreement.

15.     There is an outstanding balance currently due and owing to Plaintiff in an amount exceeding $222,052.57, plus accruing interest, attorneys' fees, and costs incurred herein.  A true and correct copy of an accounts receivable report dated as of June 12, 2025, is attached hereto as Exhibit B.

**COUNT ONE**
**BREACH OF CONTRACT**
(AGAINST FLIPPER POOLS)

16.     Plaintiff incorporates by reference herein the factual allegations set forth above.

17.     Flipper Pools entered into the Agreement with Plaintiff for the purchase of certain products.

18.     Plaintiff provided the products as required by the Agreement and otherwise abided by the terms of the Agreement.

19.     Flipper Pools breached the Agreement with Plaintiff by, *inter alia*, failing to pay Plaintiff the full amounts for the products as required under the Agreement.

20.     Despite demand for payment, Flipper Pools has failed to make full payment as required by the Agreement.

21.     As a result thereof, Plaintiff has suffered damages to which it is entitled to recover from Flipper Pools.

22.     Accordingly, Plaintiff is entitled to an award of damages in excess of $222,052.57, plus accruing interest, attorneys' fees, and costs incurred herein.

WHEREFORE, Plaintiff, SCP Distributors, LLC demands judgment against Defendant, Flipper Pools, for damages, plus costs, with interest thereon, and such other and further relief as is just and proper.

<u>**COUNT TWO**</u>
<u>**BREACH OF CONTRACT**</u>
(SCOTT HOOD)

23.     Plaintiff incorporates by reference herein the factual allegations set forth above.

24.     Flipper Pools entered into the Agreement with Plaintiff for the purchase of certain products.

25.     Included within the Agreement is the Personal Guarantee Agreement of Scott Hood, in which he guaranteed payment of Flipper Pool's obligations to Plaintiff as defined therein.

26.     Plaintiff provided the products as required by the Agreement and otherwise abided by the terms of the Agreement.

27.     Flipper Pools breached the Agreement with Plaintiff by, *inter alia*, failing to pay Plaintiff the full amounts for the goods as required under the Agreement.

28.     Scott Hood breached the Personal Guarantee Agreement contained within the Agreement by, *inter alia*, failing to pay Plaintiff the full amounts owed by Flipper Pools as required under the Personal Guarantee Agreement.

29.     As a result thereof, Plaintiff has suffered damages to which it is entitled to recover from Scott Hood.

30.     Accordingly, Plaintiff is entitled to an award of damages in excess of $222,052.57, plus accruing interest, attorneys' fees, and costs incurred herein.

WHEREFORE, Plaintiff, SCP Distributors, LLC, demands judgment against Defendant, Scott Hood for damages, plus costs, with interest thereon, and such other and further relief as is just and proper.

## COUNT THREE
## UNJUST ENRICHMENT
(IN THE ALTERNATIVE)
(AGAINST FLIPPER POOLS AND SCOTT HOOD)

31.     Plaintiff incorporates by reference herein the factual allegations set forth above.

32.     Plaintiff conferred a benefit on Defendants by delivering certain products to Defendants, under circumstances which negate the idea that the goods were gratuitous.

33.     As set forth above, Defendants have failed to provide Plaintiff with the full payment that was agreed to by the parties in exchange for Plaintiff's delivery of the goods.

34.     Defendants' failure to pay Plaintiff constitutes voluntary acceptance and retention of benefits conferred upon it.

35.     It would be inequitable to allow Defendants to accept and retain the goods provided by Plaintiff without paying the value thereof to Plaintiff.

36.     As a result, Defendants have been unjustly enriched at Plaintiff's expense and detriment.

WHEREFORE, Plaintiff, SCP Distributors, LLC, demands judgment against Defendants for damages, plus costs, with interest thereon, and such other and further relief as is just and proper.

**COUNT FOUR**
**ACCOUNT STATED**
(IN THE ALTERNATIVE)
(AGAINST FLIPPER POOLS AND SCOTT HOOD)

37.     Plaintiff incorporates by reference herein the factual allegations set forth above.

38.     Plaintiff has an agreement with Defendants, setting forth the amounts due with respect to their prior transactions, namely the distribution of goods by Plaintiff.

39.     Plaintiff had an express or implied agreement with Defendants that the balance reflected in the account stated was correct and due, and an express or implied promise that Defendants would pay Plaintiff that amount.

40.     Plaintiff notified Defendants of their outstanding account statement(s) of $222,052.57, which amount continues to accrue, plus interest, attorneys' fees, and costs incurred herein, based upon the goods sold to Defendants by Plaintiff.

41.     Defendants did not contest the accuracy of the statement of account stated nor did Defendants pose any objection to the amounts owed to Plaintiff.

42.     Payment for the account stated has been demanded by Plaintiff and has not been made by Defendants.

43.     By reason of the foregoing, Plaintiff has and will continue to suffer substantial damages.

6

44.     Accordingly, Defendants owe the amount set forth in the foregoing account statements.

WHEREFORE, Plaintiff, SCP Distributors, LLC, demands judgment against Defendants, for damages, plus costs, with interest thereon, and such other and further relief as is just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, SCP Distributors, LLC, prays for the following relief:

1. Judgment in favor of Plaintiff and against Defendants, jointly and severally, in excess of $222,052.57, plus interest and additional fees;

2. Awarding Plaintiff interest and its reasonable attorneys' fees and costs incurred and to be incurred by Plaintiff in connection with the enforcement of its remedies under the Agreement, including, without limitation: (i) all pre-judgment and post-judgment attorneys' fees and costs; (ii) accruing interest to the date of entry of judgment; (iii) post-judgment interest at the applicable rate; (iv) late fees; and (v) all other amounts due to Plaintiff under the Agreement and applicable law; and

3. For such other and further relief as the Court determines is just and appropriate.

Respectfully submitted,

SCP DISTRIBUTORS, LLC
By its counsel,

*/s/Elizabeth Brunette*
FOX ROTHSCHILD LLP
Elizabeth Googe Brunette, Esq.
Georgia Bar No. 560454
Fox Rothschild LLP
999 Peachtree Street, N.E.
Suite 1500
Atlanta, Georgia 30309
EBrunette@foxrothschild.com

7

## CERTIFICATE OF SERVICE

I, Elizabeth Brunette, hereby certify that the foregoing document will be served in compliance with the Federal Rules of Civil Procedure.

*/s/ Elizabeth Brunette*_____